Martin E. Rosen (108998), mrosen@barwol.com
Justin J. Lowe (223847), jlowe@barwol.com
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California  90071
Telephone:  (213) 680-2800
Facsimile:  (213) 614-7399


Attorneys for Plaintiff-in-Interpleader Independence
Life and Annuity Company, f/k/a Keyport America Life
Insurance Company

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDEPENDENCE LIFE AND ANNUITY COMPANY, f/k/a KEYPORT AMERICA LIFE INSURANCE COMPANY,<br><br>                    Plaintiff-in-Interpleader,<br><br>          vs.<br><br>NANCY JEAN LARIOS, an individual; CARMEN LARIOS, trustee of the Larios Family 2000 Trust; and DOES 1 through 20, inclusive,<br><br>                    Claimants-in-Interpleader. | CASE NO: 1:07-CV-00392-LJO-SMS<br><br>STIPULATION FOR JUDGMENT; ORDER THEREON |

Plaintiff-in-Interpleader Independence Life and Annuity Company, f/k/a Keyport America Life Insurance Company ("Independence"), and Claimants-in-Interpleader Carmen Larios, trustee of the Larios Family 2000 Trust (the "Trust"), and Nancy Jean Larios, an individual, (hereinafter collectively referred to as the "Parties"), do stipulate and agree as follows:

**RECITALS**

1. Independence has filed a Complaint-in-Interpleader pursuant to 28 U.S.C. § 1335 against Claimants-in-Interpleader Nancy Jean Larios, an individual, and Carmen Larios, trustee of the Trust.  Independence alleges that it is a mere stakeholder in possession of certain funds owed to the proper beneficiary under Keyport America Life Insurance Company Annuity No. KA00777489-1 (the "Annuity"), to which funds Claimants-in-Interpleader Nancy Jean Larios and Carmen Larios, trustee of the Trust, each hold competing claims.  Independence claims no interest in the funds payable under the Annuity, but cannot distribute the funds without exposure to multiple liability until the competing claims to the proceeds are first adjudicated.  Independence deposited $14,495.58 with the Clerk of Court, which represents the full amount of proceeds owed under the Annuity, including interest.

2. The Parties desire to resolve this litigation, and in doing so, do not concede the truth or falsity of any allegation of fact made in the pleadings in this matter.

3. The Parties do concede that this Court has subject matter jurisdiction of this action and that, by agreeing to a judgment in this matter, they voluntarily consent to the Court exercising jurisdiction over their persons.

4. The Parties agree as of the date that this Stipulation is signed, that the terms of the proposed Judgment, as set out below, constitute a full and fair settlement of all claims that the Parties may have concerning the funds on deposit or Independence's obligations with respect to those funds, and that the Annuity is hereby deemed void and cancelled.

**TERMS OF PROPOSED JUDGMENT**

5. Claimant-in-Interpleader Carmen Larios, trustee of the Trust, shall recover all sums on deposit in connection with this action in the registry of the Court, together with any and all interest earned on those sums since their deposit, subtracting the amount awarded to Independence as attorneys' fees and costs of suit.

6. Claimant-in-Interpleader Nancy Jean Larios shall take nothing of the funds on deposit in connection with this action in the registry of the Court or by this action.

7. Independence shall have an award of its attorneys' fees and costs of suit incurred in this matter, in the total amount of $3,000.00, to be subtracted from all sums on deposit in connection with this action in the registry of the Court.

8. The Clerk of Court shall make out a check, warrant, or any other appropriate means of payment to Carmen Larios, trustee of the Trust, with respect to all sums on deposit in connection with this action in the registry of the Court, together with any and all interest earned on those sums since their deposit, subtracting the amount awarded to Independence as attorneys' fees and costs of suit.

9. The Clerk of Court shall make out a check, warrant, or any other appropriate means of payment to Independence in the amount of $3,000.00, which represents the full amount of attorneys' fees and costs of suit awarded to Independence, to be funded from the sums on deposit in connection with this action in the registry of the Court.

10. Claimants-in-Interpleader Nancy Jean Larios, an individual, and Carmen Larios, trustee of the Trust, hereby fully release, and forever discharge, Independence, including its parent, affiliated and subsidiary companies, officers, directors, partners, employees, attorneys, agents, servants, stockholders, representatives, antecedents, successors, and former, present and future assigns, from any and all rights, claims, actions, suits, accounts, demands, liens, levies, attachments, writs of execution, contracts, interest, legal fees, disbursements, covenants, agreements, promises, debts, dues, reckonings, obligations, liabilities, costs, expenses, bonds, bills, specialties, controversies, taxes, monies, judgments, executions, damages and causes of action of whatever nature or description, in law or in equity, under federal, state or common law, whether now known or unknown, suspected or unsuspected, arising out of any circumstances whatever prior to the date of this Stipulation, which any of the Claimants-in-Interpleader now have, own or hold, or at any time heretofore owned or held, or could or shall or may hold against Independence, which are contained in or arising out of, or in connection with this action, or the subject matter of this action, or any or all claims assertable in this action or relating in any way to the Annuity contract or proceeds thereof.

11. Each party to this Stipulation waives the benefit of the provisions of Section 1542 of the California Civil Code, or any similar law of any other jurisdiction, which provides as follows:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known, by him must have materially affected his settlement with the debtor."

12. The Parties hereto agree that the United States District Court or the Eastern District of California shall have sole and exclusive jurisdiction, without a jury, to hear and determine any disputes that arise under or account of this Stipulation and Order.

13. Upon District Court approval, it is the intention and request of the Parties hereto that this Stipulation and its terms become the judgment of the court in the above caption proceeding.

IN WITNESS WHEREOF, the Parties have executed this Stipulation on the dates opposite their respective signatures.

Dated: June 15, 2007 INDEPENDENCE LIFE AND ANNUITY COMPANY, f/k/a KEYPORT AMERICA LIFE INSURANCE COMPANY

By:   /s/ Anne J. Farina   Anne J. Farina, Senior Counsel   Dated:  June 15, 2007

Dated: May 23, 2007 By:   /s/ Nancy Jean Larios
NANCY JEAN LARIOS
Claimant-in-Interpleader

Dated: May 10, 2007 By:    /s/  Carmen Larios
                           CARMEN LARIOS, trustee of the Larios
                           Family 2000 Trust    Claimant-in-Interpleader

Approved as to form:

Dated: June 29, 2007 BARGER & WOLEN LLP


                                         By:    /s/  Martin E. Rosen
          MARTIN E. ROSEN    JUSTIN J. LOWE
                           Attorneys for Plaintiff-in-Interpleader
                           Independence Life and Annuity
                           Company, f/k/a Keyport America Life
                           Insurance Company


Dated: May 14, 2007 LANE LAW GROUP, INC.
                    By:    /s/  Byron R. Lane BYRON R. LANE
                           Attorneys for Claimant-in-Interpleader
                           Carmen Larios, trustee of the Larios Family
                           2000 Trust

IT IS ORDERED that the Parties' Stipulation for Judgment shall be incorporated, in its entirety, into this Order by this reference and that upon entry of this Order, the Stipulation for Judgment and its terms become the Judgment of the Court in the above captioned proceeding.  Judgment shall be so entered forthwith.

   The clerk is directed to enter judgment in accordance with this stipulation and to close this action.


   IT IS SO ORDERED.

   Dated:    **June 26, 2007**                    /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE